**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | CR-07-1332-PHX-DGC |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Mario Enrique Bringas-Beltran, | ) | |
| Defendant. | ) | |

The Government has moved to dismiss the indictment in this case without prejudice under Rule 48(a) of the Federal Rules of Criminal Procedure. Dkt. #19. The Court heard oral argument on the motion on July 22, 2008. Counsel agreed to submission of the motion without further briefing.

Defendant has been indicted in a separate case pending in the United States District Court for the Eastern District of Michigan. The Government seeks to dismiss this case without prejudice because of the difficulty of prosecuting both cases simultaneously. *Id*. Defendant objects, arguing that the dismissal should be with prejudice. Defendant asserts that the Government should not have indicted Defendant in both cases and is now seeking dismissal solely to avoid speedy trial issues in this case. Defendant asserts that the only fair resolution is to conclude this case with prejudice.

Rule 48(a) provides that "[t]he government may, with leave of court, dismiss an indictment, information, or complaint." Fed. R. Crim. P. 48(a). The rule constitutes a

limited check on the Executive Branch's otherwise substantial discretion in deciding when, where, and how to prosecute defendants. "The Executive remains the absolute judge of whether a prosecution should be initiated and the first and presumptively the best judge of whether a pending prosecution should be terminated. The exercise of its discretion with respect to the termination of pending prosecutions should not be judicially disturbed unless truly contrary to manifest public interest." *United States v. Cowan*, 524 F.2d 504, 513 (5th Cir. 1975). As the Ninth Circuit has explained, "[w]hen the government moves to dismiss counts in an indictment, the district court has limited discretion to deny the motion. The limitation on its discretion is based on separation of powers." *United States v. Garcia-Valenzuela*, 232 F.3d 1003, 1007 (9th Cir. 2000).

A court may deny the Government's motion only if dismissal would be "clearly contrary to the public interest" or "would contribute to prosecutorial harassment by subjecting a defendant to 'charging, dismissing, and recharging.'" *United States v. Wallace*, 848 F.2d 1464, 1468 (9th Cir. 1988) (quoting *Rinaldi v. United States*, 434 U.S. 22, 29 n.15 (1977)). "A fundamental consideration in assessing the propriety of a prosecutor's dismissal motion is whether the motion is made in 'good faith.'" *Id.* In seeking dismissal under Rule 48(a), the Government is entitled to a "presumption of good faith." *United States v. Welborn*, 849 F.2d 980, 984 (5th Cir. 1988); *see Garcia-Valenzuela*, 232 F.3d at 1007 (stating that "the presumption of regularity supports . . . prosecutorial decisions") (quoting *United States v. Armstrong*, 517 U.S. 456, 464 (1996)).

The Court finds no evidence of bad faith or harassment in the Government's motion, and cannot conclude that dismissal without prejudice would be clearly contrary to the public interest. Nor can the Court conclude that the Government is seeking dismissal to avoid speedy trial issues. Prosecution of the Michigan case would not have presented speedy trial issues in this case because the Speedy Trial Act permits courts to exclude time spent completing another criminal trial against a defendant. 18 U.S.C. § 3161(h)(1)(D). Because the Court can find no basis for concluding that the Government is acting in bad faith or that prosecutorial misconduct must in some way be deterred, and finds the charges in this case

1  to be serious, the Court will grant the motion to dismiss without prejudice. *Cf. United States*
2  *v. Pena-Carrillo*, 46 F.3d 879, 882-83 (9th Cir. 1995).

3  **IT IS ORDERED** that the Government's motion to dismiss this case without
4  prejudice (Dkt. #19) is **granted**.

5  DATED this 23rd day of July, 2008.

*David G. Campbell*
David G. Campbell
United States District Judge